In re **WESTGATE GENERAL PARTNERSHIP, Jointly Administered With: Foxwood General Partners, Presidential Plaza Limited General Partnership, Buffalo Medical Building General Partnership, Crestwood General Partners, Debtors.**

Bankruptcy Nos. 85–01706G to 85–01710G.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 2, 1985.

Pace Reich, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for movants, Harry Turkington and Stratton Nicolaides.

Robert A. Kargen, Lesser and Kaplin, P.C., Blue Bell, Pa., for objector, Nassau Sav. and Loan Ass'n.

Bruce D. Shuter, Joseph A. Dworetzky, Drinker, Biddle & Reath, Philadelphia, Pa., for debtors, Westgate General Partnership, et al.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The queries posed by counsel in the case before us, are whether the general partners of a debtor-partnership may be members of an official committee of equity security holders and whether we should appoint such a committee. We conclude that the general partners may not be members of an official committee of equity security holders, and because we also conclude that the interests of the equity security holders are adequately represented, we will deny the instant motion for the appointment of such a committee.

We outline the facts of this controversy as follows:[1] The five debtors denominated in the caption are partnerships which filed petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). In each of the partnerships Harry A. Turkington and Stratton Jay Nicolaides are general partners and due to this interconnection we granted the debtors' collective motion for joint administration. In each of these cases the general partners have moved for the appointment of an official committee of equity security holders. An objection to the motion was interposed by a creditor, Nassau Savings and Loan Association ("Nassau"). During the pendency of the matter under consideration, a committee of unsecured creditors has been appointed.

The Code mandates that the bankruptcy court appoint a committee of credi-

tors holding unsecured claims as soon as practicable after the filing of a chapter 11 petition, and we have complied. 11 U.S.C. § 1102(a)(1). The Code further provides that:

§ 1102. Creditors' and equity security holders' committees

(a)(2) On request of a party in interest, the court may order the appointment of additional committees of creditors or *equity security holders* if necessary to assure adequate representation of creditors or of *equity security holders*. The court shall appoint any such committee.

11 U.S.C. § 1102(a)(2) (emphasis added). An "equity security holder" is defined in the Code as the "holder of an equity security of the debtor." 11 U.S.C. § 101(16). In the Code an "equity security" is defined as follows:

§ 101. Definitions

In this title—

\* \* \* \* \* \*

(15) "equity security" means—

(A) share in a corporation, whether or not a transferable or denominated "stock", or similar security;

(B) interest of a limited partner in a limited partnership; or

(C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph;

11 U.S.C. § 101(15). An equity security under the Code does not expressly include the interest of a general partner in a debtor-partnership and by clear implication the inclusion in the definition of an equity security of the interest of a limited partner in a limited partnership excludes the interest of a general partner in a partnership. Thus, it appears that general partners of a debtor may not be members of an official committee of equity security holders. We also conclude that the partners' appeal to

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052.

the broad equity powers of this court to override this statutory mandate is meritless.

The rationale for the exclusion of general partners from membership on a committee of equity security holders is that the general partners typically would not need the appointment of a committee to insure that their interests were adequately represented in the reorganization. Excluding the unusual situation in which a trustee is appointed to operate a chapter 11 debtor, the entities who managed the chapter 11 debtor immediately prior to the filing of the petition, would remain in positions of management. More particularly, the general partners of a debtor-partnership would continue operating the chapter 11 business notwithstanding the filing of the chapter 11 petition. Adequate representation of the equity interests of the general partners is assured through their role as managers of the chapter 11 debtor.

In the case at bench the apparent motivation for seeking the appointment of an additional official committee is that the reasonable and necessary expenses of official committees under the Code are an administrative expense subject to satisfaction from the bankruptcy estate under 11 U.S.C. § 503(b)(3) and (b)(4). As aptly stated in Nassau's brief, "The appointment of Messrs. Turkington and Nicolaides to a committee of equity security holders would not provide them with additional protection of their interest but only provide a mechanism for the payment of their personal legal fees as an expense of administration." We agree.

As the language of § 1102 indicates, additional committees may be appointed if the court finds that such committees are "necessary to assure adequate representation of creditors or of equity security holders." § 1102(a)(2). As a basis for the appointment of a committee of equity security holders, the general partners advanced at the time of the hearing the lack of a committee of unsecured creditors. During the pendency of this dispute, a committee of unsecured creditors has been constituted.

In this case the general partners have presented no other colorable basis for the appointment of a committee of equity security holders. Thus, there are insufficient grounds for the appointment of such a committee. Furthermore, if such a committee were constituted, the general partners would be ineligible for membership. We will accordingly enter an order denying the motion for the appointment of a committee of equity security holders.